**In re the ESTATE OF Jesse S. TREVIÑO, Jr.**

**No. 04–05–00202–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 15, 2006.

---

Mark Stanton Smith, William E. Leighner, Heard & Smith, L.L.P., San Antonio, for appellant.

Joel Hailey, Joel Hailey, P.C., San Antonio, for appellee.

Sitting:[1] ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

By order dated October 19, 2005, a majority of the en banc court granted the Appellants' motion for rehearing en banc and ordered an en banc review of the panel's opinion and judgment. The en banc court has reviewed and considered Appellants' motion, appellee's response to the motion filed on November 18, 2005, and Appellants' reply filed on December

---

1. Justice Sandee Bryan Marion has recused herself from this appeal because she signed orders relating to the underlying cause while sitting as the judge of Probate Court No. 2.

19, 2005. The panel opinion and judgment issued on August 24, 2005 are hereby withdrawn, and this opinion and judgment are substituted to clarify the issue relating to the statutory probate court's jurisdiction to appoint a receiver during an independent administration of an estate.

In this accelerated appeal, Mary Cadena, Individually and as Executrix of the Estate of Jesse S. Treviño, Jr., Logan's Bar, Inc., The New Logan's Bar, Inc., and Heard & Smith, L.L.P. ("Appellants") seek to appeal a series of orders entered by the probate court. Both the order appointing a receiver and the order regarding the probate court's jurisdiction to consider the appointment of a receiver are properly before this court in this accelerated appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(1) (Vernon Supp.2004–2005). The probate court's ruling on the Appellants' motion to recuse is not subject to review by accelerated appeal, and the Appellant's fourth issue is dismissed for lack of jurisdiction.[2] *See* Tex.R. Civ. P. 18a (noting denial of motion to recuse may be reviewed for abuse of discretion on appeal from the final judgment); Tex.R.App. P. 28.1 (noting appeal from an interlocutory order, *when allowed,* will be accelerated) (emphasis added); *see also Stafford v. Stafford,* No. 07–97–0411–CV, 1998 WL 751185, at *1 (Tex.App.-Amarillo Oct.28, 1998, no pet.) (holding ruling on motion to recuse in probate matter constituted a final appealable judgment). We affirm the probate court's orders regarding its jurisdiction and the appointment of a receiver.

**BACKGROUND**

Mary Cadena was listed as the sole beneficiary in Jesse S. Treviño, Jr.'s will and was appointed independent executrix of Treviño's estate. At the time of his death, Treviño was the sole shareholder of Logan's Bar, Inc., which held a permit from the Texas Alcoholic Beverage Commission to operate a bar in San Antonio. Cadena sought legal representation regarding the bar because Randy Bond, who was operating the bar at the time of Treviño's death, claimed ownership of the bar pursuant to a handwritten bill of sale. Joel Hailey agreed to represent Cadena in seeking to recover the bar under a 40% contingency fee contract. Because the 40% exceeded the standard 1/3 contingency fee, the contract required the approval of the probate court. On October 29, 2001, Judge Sandee Bryan Marion signed an order approving the contract.[3]

The contingency fee contract was in the form of a letter agreement. The letter was addressed to Cadena as "Independent Executor of the Estate" and was signed by Cadena as "Independent Executor." The letter confirmed Hailey's representation of Cadena "in [her] capacity as executor in connection with the proposed suit(s) to recover funds and property of the Estate of the Deceased, in the above cause (the "Matter")." Cadena agreed to pay Hailey 40% "of all property and assets that [Cadena] recover[ed] in the Matter."

On November 20, 2001, Hailey sent a demand letter to Bond.[4] On November 28, 2001, Hailey filed a Petition to Recover

---

**2.** A regular appeal of the probate court's ruling on the motion to recuse is pending in appeal number 05–05–00686–CV.

**3.** After Judge Marion was appointed as a justice on this court, the cause was transferred to Probate Court No. 1, and the remaining

orders were signed by the Honorable Polly Jackson Spencer.

**4.** Hailey also sent demand letters relating to a bar in Port Aransas, but upon further investigation, Hailey determined that Treviño had no interest in that bar at the time of his death.

Property on Cadena's behalf and had Bond served with a copy of the petition.

At the same time Hailey was making demand on Bond and pursuing a lawsuit against him, Hailey was taking the actions necessary to renew the permit from the Texas Alcoholic Beverage Commission, including filing a motion with the probate court for authority to maintain the permit and an application with the Commission for Cadena, as Independent Executor, to be named as successor in interest. The Application for Successor in Interest stated that the permit was previously issued to "Jesse S. Treviño, Jr. (sole shareholder and President)." Because Bond was also seeking a permit for the bar, the Commission was considering competing claims for the permit. Eventually, Hailey was able to obtain a letter from the Commission dated December 3, 2001, stating:

> We have reviewed the renewal and change of stockholders for LOGAN'S BAR, located at 402 E. Travis Street Suite A in San Antonio Bexar, Texas. Mary Cadena is authorized to operate under MB# 187367 (Mixed Beverage Permit) & LB# 212014 (Late Hours Permit).

Armed with this letter, Cadena confronted Bond, who agreed to vacate the bar. On December 5, 2001, Hailey filed a partial non-suit on Cadena's behalf with regard to the claim against Bond because "Petitioner has now duly recovered the San Antonio Logan's Bar." Hailey decided to file the non-suit so that Bond would be the petitioner bearing the burden of proof with regard to any claim he asserted in probate court in order to recover the bar.

The same day the non-suit was filed, Bond filed an answer asserting that the bar was sold to him by a written instrument for valuable consideration. On December 10, 2001, Hailey, on Cadena's behalf, filed an objection to the answer and special exceptions. On February 4, 2002, the probate court signed an order striking Bond's answer.

On January 14, 2002, Bond filed an amended answer asserting ownership of the bar. On January 22, 2002, Hailey, on Cadena's behalf, filed objections and special exceptions. On February 13, 2002, the probate court signed an order striking Bond's amended answer.

On March 1, 2002, Bond filed his second amended answer and a motion for summary judgment. On March 18, 2002, Hailey, on Cadena's behalf, filed objections and special exceptions, a motion for sanctions, and a response to the motion for summary judgment. On March 27, 2002, Bond filed a motion to disqualify Hailey as an attorney. On April 8, 2002, Hailey, on Cadena's behalf, filed objections, special exceptions, and a response to the motion to disqualify and a motion for sanctions. On April 12, 2002, the probate court signed an order striking Bond's second amended answer but stating "The 'Petition' portion of such 2nd Amended Answer shall stand and Respondents shall cause citation to be served on such Petition." It does not appear from the record that Bond ever had process served with regard to the "Petition" portion of his second amended answer.

On February 3, 2003, Hailey filed a motion to remove Cadena as independent executrix of the estate based on her mismanagement of the operations and finances of the bar. The probate court determined that Hailey did not have standing as an interested party to assert any claim for Cadena's removal and struck his motion.

On March 19, 2003, Cadena filed an Application for Bill of Review seeking to have the contingency fee contract declared invalid. Hailey filed a response to the application and a counterclaim "for the

affirmative relief of court ordered approval of his 40% interest in and to the business, 'Logan's Bar' which was recovered as a result of [Hailey's] time, labor, enhancement of expenses, and legal services." After a two day trial, the probate court entered an order that was subsequently "cancelled" by the entry of a revised order on November 24, 2003. The revised order denied the bill of review and granted relief on Hailey's counterclaim. The order stated:

> IT IS THEREFORE ORDERED that JOEL HAILEY is the owner of a 40% interest in the business known as Logan's Bar, located at 402 E. Travis St., Suite 1, San Antonio, Texas; provided that Respondent, from the time he acquired his interest in the business on December 3, 2001, has not owned any shares or interest in Logan's Bar, Inc. or The New Logan's Bar, Inc.; and provided that Respondent shall not participate in the management of such business unless permitted by the Court.

After various additional filings, on March 23, 2005, the probate court held a hearing on Hailey's Fourth Amended Counterclaim for Partition Sale and Motion to Reconsider Receivership and on the Appellants' plea to the jurisdiction. The probate court entered orders denying the plea to the jurisdiction and granting Hailey's Fourth Amended Counterclaim for Partition Sale and Motion to Reconsider Receivership. The probate court appointed a receiver for "the business known as Logan's Bar." The Appellants appeal those orders.

5. We will assume for purposes of this opinion that the business of the bar was owned and operated by a corporation at the time of Treviño's death.

6. Since the underlying probate proceeding was filed prior to September 1, 2003, the

## PROBATE COURT'S JURISDICTION AND INDEPENDENT ADMINISTRATION

■ In their first issue, the Appellants contend that the probate court lacked subject matter jurisdiction to consider Hailey's request for the appointment of a receiver because the request did not involve a matter "appertaining to or incident to an estate." The phrase "incident to an estate" has been held to have a broad meaning covering a wide range of situations. *Novak v. Stevens,* 596 S.W.2d 848, 851 (Tex.1980). Section 5A of the Texas Probate Code defines "appertaining to estates" and "incident to an estate" as including "all claims by or against an estate." TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp.2004–2005). Hailey's request for a receiver was an action against the estate as the shareholder of the corporation which co-owned the business of the bar.[5] Even if we assume that the estate was not a necessary or proper party to the receivership action, the action appears to be the culmination of two years of ongoing litigation arising from the probate court's approval of a contingency fee contract. Accordingly, even absent any other basis for the probate court's exercise of jurisdiction, the probate court properly exercised jurisdiction under section 5(i) of the Probate Code, formerly section 5A(d), which gives a statutory probate court "pendant and ancillary jurisdiction necessary to promote judicial efficiency and economy."[6] TEX. PROB.CODE ANN. § 5(i) (Vernon Supp.2004–2005).

■ In their second issue, the Appellants contend that the trial court erred in

"pendant and ancillary" jurisdiction applicable in this case arose under section 5A(d) of the Texas Probate Code. *See* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4164.

appointing a receiver because the appointment usurped the authority of Cadena as independent executrix and interfered with the independent administration of the estate. It is well established that a probate court's order appointing a receiver does not impermissibly interfere with the independent administration of an estate. *See Kanz v. Hood,* 17 S.W.3d 311, 315 (Tex. App.-Waco 2000, pet. denied) (noting district court has the power to appoint a receiver to assume management and control of estates in the process of independent administration); *Metting v. Metting,* 431 S.W.2d 906, 908 (Tex.Civ.App.-San Antonio 1968, no writ) (noting district court has power to appoint a receiver of an estate which is in the process of independent administration).

In their supplemental authority in support of the panel motion for rehearing and in their motion for rehearing en banc, the Appellants challenge this court's reliance on the above-cited cases, asserting that the receiver in those cases was appointed by a district court not a statutory probate court. The Appellants contend that a statutory probate court does not have jurisdiction to appoint a receiver in an independent administration unless the independent executor is removed. In our order requesting a response to the Appellants' motion and permitting a reply to the response, we expressly directed the parties to consider legislative amendments to the Texas Probate Code expanding the jurisdiction of statutory probate courts.

In his response, the appellee asserts that the section 5A(b) restraint on a statutory probate court's exercise of jurisdiction so as not to interfere with an independent administration applies only to "appertaining and incident to an estate" jurisdiction and does not limit a statutory probate court's exercise of jurisdiction under alternative grounds, such as the section 5(i),

formerly section 5A(d) "pendant and ancillary" jurisdiction. In their reply to the appellee's response, the Appellants fail to address the expanded jurisdiction granted to statutory probate courts under section 5(i), formerly section 5A(d).

Historically, the "pendant and ancillary" jurisdiction was set forth in subsection (d) of section 5A which defines matters "appertaining and incident to" an estate; however, section 5A contained an additional subsection (e) providing that the "pendant and ancillary" jurisdiction applied whether or not the matter was appertaining to or incident to an estate. *See* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4164; *see also Palmer v. Coble Wall Trust Co.,* 851 S.W.2d 178, 182 & n. 6 (Tex.1992) (discussing removal of "appertaining to or incident to an estate" restriction from jurisdiction of statutory probate courts over claims by or against personal representatives). In 2003, the legislature repealed the "pendant and ancillary" jurisdiction subsection (d) in section 5A and added it as a subsection (i) to section 5. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, §§ 2, 16, 2003 Tex. Gen. Laws 3053, 3057. This legislative amendment further clarified that "pendant and ancillary" is a separate basis for jurisdiction unencumbered by the limitations to jurisdiction set forth in section 5A. We therefore hold that the statutory probate court had jurisdiction under section 5(i), formerly section 5A(d), to appoint a receiver regardless of whether the estate was in the process of independent administration and without the removal of the independent executor.

The Appellants' first and second issues are overruled.

## APPOINTMENT OF RECEIVER

In their third issue, the Appellants contend that the trial court abused its discre-

tion in appointing a receiver. Specifically, the appellants contend that a receiver should not have been appointed because: (1) Hailey did not have a probable interest or right in the property that is the subject of the receivership; (2) the evidence was insufficient to establish that the business was in immediate danger of being lost, removed, or materially injured; (3) the record failed to establish that no less onerous legal remedy was available; (4) the appointment of the receiver was precluded by the doctrine of "unclean hands;" and (5) the order cannot lawfully accomplish its intended goal to sell the property.

■ The first and fifth specific grounds asserted by the Appellants in regard to this issue are related. The Appellants are contending that the appointment of the receiver was improper because the assets of the business were held by a corporation, Logan's Bar, Inc.,[7] which was not a party to the bill of review proceeding resulting in the order declaring that Hailey was the owner of 40% of the business. Furthermore, the Appellants assert that because the corporation owned the assets of the business, Hailey had no interest in the assets, and the receiver could not convey those assets.

■ Treviño was the sole shareholder of Logan's Bar, Inc. at the time of his death. Upon his death, Cadena, as independent executrix of Treviño's estate, became the sole shareholder. The shareholders of a corporation are the equitable owners of its assets and may bind the corporation by a contract that all of the shareholders sign. *Martin v. Martin, Martin & Richards, Inc.*, 12 S.W.3d 120, 124 (Tex.App.-Fort Worth 1999, no pet.). Notwithstanding a charter, by-law or statutory provision that places the power of management in a board of directors or requires formal action by them, a sole shareholder may himself deal with the corporation's property and make contracts regarding the corporate assets that are binding on the corporation so long as the rights of creditors are not prejudiced. *Martin*, 12 S.W.3d at 124; *Newman v. Toy*, 926 S.W.2d 629, 631 (Tex.App.-Austin 1996, writ denied); Op. Tex. Att'y Gen. No. LO–98–001 (1998). In such a case, only the corporation's creditors, and not the corporation itself, are in a position to complain of the lack of proper action by the board of directors. *Martin*, 12 S.W.3d at 124; *Newman*, 926 S.W.2d at 631.

In this case, the contingency fee contract was entered into by Cadena, as independent executrix of the estate. In that capacity, she was the sole shareholder of Logan's Bar, Inc. The effect of the contract was to convey a 40% ownership in the assets of the business of the bar from Logan's Bar, Inc. to Hailey upon his recovery of the bar. Accordingly, after the business was recovered, Logan's Bar, Inc. owned an undivided 60% interest in the assets of the bar, and Hailey owned the remaining undivided 40% interest. Appointing a receiver of the corporation's stock or of the corporation's assets would not have accomplished the intended objective, which was to convey the assets of the business which were co-owned by the corporation and Hailey upon the recovery of the business from Bond. The probate court's order recognized the result of the conveyance under the contingency fee contract by ordering that Hailey was the owner of a 40% interest in the business but did not own any stock in the corporation. Cadena, as independent executrix, continued to own 100% of the stock in the corporation, which then owned an undivided

---

**7.** The New Logan's Bar, Inc. was a corporation formed by Hailey after the recovery of the business into which the assets of Logan's Bar, Inc. were to be transferred.

60% interest in the business of the bar and its assets. The corporation was not required to be a party to the bill of review proceeding because the proceeding was an action to construe the validity and effect of the contingency fee contract between Cadena, as independent executrix, and Hailey. We note that the corporation was named and appeared in the proceeding seeking to appoint a receiver.[8]

In their second and third specific challenges to the order appointing a receiver, the Appellants contend that the trial court abused its discretion in appointing a receiver because the evidence did not establish that the business was in immediate danger of being lost, removed, or materially injured or that no less onerous legal remedy was available. A court of competent jurisdiction may appoint a receiver in an action between partners or others jointly owning or interested in any property or in any other case in which a receiver may be appointed under the rules of equity. TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(3,6) (Vernon Supp.2004–2005). The appointment of a receiver is reviewed under an abuse of discretion standard. See In re Estate of Herring, 983 S.W.2d 61, 65 (Tex.App.-Corpus Christi 1998, no pet.) (appointment of receiver in a probate proceeding to sell property co-owned by another reviewed under abuse of discretion standard); see also Haugen v. Olson, No. 05–03–00501–CV, 2003 WL 22939728, at *4 (Tex.App.-Dallas Dec.15, 2003, no pet.) (appointing receiver in probate matter reviewed for abuse of discretion). A receiver appointed pursuant to section 64.001(a) and (b) of the Texas Civil Practice and Remedies Code is not required to show

that no other adequate remedy exists. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 806 (Tex.1940); Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. E–Court, Inc., No. 03–02–00714–CV, 2003 WL 21025030, at *4 (Tex.App.-Austin May 8, 2003, no pet.). In order to appoint a receiver in an action between co-owners of property under section 64.001(a)(3), the property must be "in danger of being lost, removed, or materially injured." TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(b) (Vernon Supp.2004–2005).

Appellant's third specific complaint fails because Hailey was not required to show that no other adequate remedy existed. See Anderson & Kerr Drilling Co., 136 S.W.2d at 808; Akin, Gump, Strauss, Hauer & Feld, 2003 WL 21025030, at *4. If the probate court appointed the receiver pursuant to section 64.001(a)(5) based on rules of equity, the statute does not require Hailey to show that the property was in danger of being lost, removed, or materially injured. In In re Estate of Herring, the court noted that a receiver may properly be appointed under section 64.001(a)(5) in a probate proceeding when "the appointment of a receiver will solve most, if not all, of the vexations and problems confronting the parties on the issue of partition, as well as management of the properties." 983 S.W.2d at 65. In this case, the probate court could have determined that the appointment of the receiver would resolve two years of ongoing litigation and problems confronting the parties in regard to the management of the business of the bar. The ongoing litigation and nature of those problems

8. The Appellants cite Krumnow v. Krumnow, 174 S.W.3d 820 (Tex.App.-Waco 2005, pet. filed), to assert that the imposition of "one of the harshest remedies known to law" was affirmed by this court even though the corporation did not participate in the litigation. In Krumnow, the trial court appointed a receiver on its own motion without notice to the other party of any party's pending application for the appointment of a receiver. Id. at 829–30. In this case, an application was pending and proper notice was given.

are supported by the record. Even if the probate court were required to find that the property was in danger of being lost, removed, or materially injured, the probate court could have supported its finding with evidence that the revenues of the bar had decreased and with evidence of the decrease in value of the business as reflected in appraisals and offers to purchase the business. Although the evidence is conflicting with regard to this issue, the probate court would not have abused its discretion in concluding that sufficient evidence of such a danger was presented.

■■■ The Appellants' fourth specific challenge to the appointment of a receiver is based on the doctrine of unclean hands. The doctrine of unclean hands applies to a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing. *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex.App.-San Antonio 2003, no pet.). The Appellants' argument rests on their contention that the contingency fee contract was overreaching. Because the probate court approved the contract and Cadena's challenge to the validity of the contract in the bill of review proceeding was denied, the Appellants' argument based on the doctrine of unclean hands fails.

The trial court did not abuse its discretion in appointing the receiver. The Appellants' third issue is overruled.

### CONCLUSION

The trial court's orders are affirmed.