ACCEPTED
13-15-00487-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/30/2015 11:16:02 AM
Dorian E. Ramirez
CLERK

# No. 13-15-00487-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/30/2015 11:16:02 AM
DORIAN E. RAMIREZ
Clerk

In the Court of Appeals for the
Thirteenth Court of Appeals District
Corpus Christi, Texas

## ESTATE OF LEE ROY HOSKINS, SR., Deceased,

On Appeal from the County Court, Live Oak County, Texas

## REPLY BRIEF OF APPELLANTS
## COLONEL CLIFTON HOSKINS and HOSKINS, INC.

DYKEMA COX SMITH
Ellen B. Mitchell
State Bar No. 14208875
emitchell@dykema.com
C. David Kinder
State Bar No. 11432550
dkinder@dykema.com
Melanie L. Fry
State Bar No. 24069741
mfry@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

*Attorneys for Appellants*
*Colonel Clifton Hoskins and Hoskins, Inc.*

**APPELLANTS REQUEST ORAL ARGUMENT**

# TABLE OF CONTENTS

Page(s)

INDEX OF AUTHORITIES...............................................................................iv

RESPONSE TO MOVANTS' RESTATED ISSUES ...............................................vi

CITATIONS TO SUPPLEMENTAL CLERK'S RECORD.....................................1

OBJECTION TO SUPPLEMENTAL REPORTER'S RECORDS..........................2

RESPONSE TO MOVANTS' STATEMENT REGARDING JURISDICTION...................................................................................................3

RESPONSE TO MOVANTS' STATEMENT OF FACTS......................................4

ARGUMENT AND AUTHORITIES..................................................................5

I. The trial court appointed a receiver; it did not confirm a prior appointment ...............................................................................................5

II. The trial court could, and did, abuse its discretion.........................................7

III. Movants' failure to present evidence mandates reversing the order appointing the receiver.........................................................................10

    A. Cliff and Hoskins, Inc. did not waive their right to challenge the appointment...................................................................10

    B. Cliff and Hoskins, Inc. have standing to appeal................................12

    C. The record contains no support for the trial court's order ..................14

IV. Movants did not establish any legal or equitable grounds for appointing a receiver........................................................................................16

V. Marcus Rogers' disqualification to serve as receiver is not moot.................16

ii

CONCLUSION AND PRAYER ...........................................................16

CERTIFICATE OF COMPLIANCE.................................................... 19

CERTIFICATE OF SERVICE ...........................................................20

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Alcantar v. Oklahoma Nat'l Bank*,
47 S.W.3d 815 (Tex. App.—Fort Worth 2001, no pet.)......................................15

*Austin Nursing Ctr., Inc. v. Lovato*,
171 S.W.3d 845 (Tex. 2005) ............................................................................12

*Elliott v. Weatherman*,
396 S.W.3d 224 (Tex. App.—Austin 2013, no pet.)..........................................11

*Estate of Benson*,
No. 04-15-00087-CV, 2015 WL 5258702 (Tex. App.—San
Antonio Sept. 9, 2015, no pet.).........................................................................10

*Estate of Trevino*,
195 S.W.3d 223 (Tex. App.—San Antonio 2006, no pet.) ...................................8

*Gonzalez v. Gonzalez*,
469 S.W.2d 624 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd
n.r.e.) ..............................................................................................................9, 15

*Grinnell v. Munson*,
137 S.W.3d 706 (Tex. App.—San Antonio 2004, no pet.) ...........................13, 14

*Interfirst Bank-Houston, N.A. v. Quintana Petro. Corp.*,
699 S.W.2d 864 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd
n.r.e.) ............................................................................................................13, 14

*Krumnow v. Krumnow*,
174 S.W.3d 820 (Tex. App.—Waco 2005, pet. denied) .......................................9

*Marlow v. Palm Harbor Homes, Inc.*
No. 14-00-00683-CV, 2002 WL 1988249 (Tex. App.—Houston
[14th Dist.] Aug. 29, 2002, no pet.) (not designated for
publication) ...................................................................................................11, 12

*Parks v. Developers Sur. & Indem. Co.*,
302 S.W.3d 920 (Tex. App.—Dallas 2010, no pet.) ............................................14

*Torrington Co. v. Stutzman*,
46 S.W.3d 829 (Tex. 2000).................................................................................13

*Tugman v. Tugman*,
No. 13-08-00194-CV, 2008 WL 2151451 (Tex. App.—Corpus
Christi May 22, 2008, no pet.).....................................................................15, 16

*Wiley v. Sclafani*,
943 S.W.2d 107 (Tex. App.—Houston [1st Dist.] 1997, no pet.).......................16

## Statutes

TEX. CIV. PRAC. & REM. CODE 51.014(a)(1)............................................... vi, 4, 7, 14

## Rules

TEX. R. APP. P. 9.4 ...........................................................................................19

TEX. R. APP. P. 47.7(b)......................................................................................11

## RESPONSE TO MOVANTS' RESTATED ISSUES

1.      The trial court appointed a receiver in this case; it did not merely confirm the prior appointment of a receiver by an arbitrator in an independent proceeding. This Court thus has jurisdiction pursuant to section 51.014(a)(1) of the Texas Civil Practice and Remedies Code.

2.      Cliff and Hoskins, Inc. did not waive their right to appeal the order appointing a receiver by not appealing prior orders that (a) were not appealable, and (2) were entered before Cliff and Hoskins, Inc. were even parties to this litigation.

3.      The trial court abused its discretion by appointing a receiver despite Movants' failure to present any evidence to establish a legal or equitable ground for such an appointment.

No. 13-15-00487-CV

---

# In the Court of Appeals for the
## Thirteenth Court of Appeals District
## Corpus Christi, Texas

---

## ESTATE OF LEE ROY HOSKINS, SR., Deceased,

---

ON APPEAL FROM THE COUNTY COURT, LIVE OAK COUNTY, TEXAS

---

## REPLY BRIEF OF APPELLANTS
## COLONEL CLIFTON HOSKINS and HOSKINS, INC.

---

TO THE HONORABLE JUSTICES OF THE COURT:

NOW COME Colonel Clifton Hoskins ("Cliff") and Hoskins, Inc., and present their Reply Brief of Appellants, demonstrating that this Court has jurisdiction over this appeal and that the trial court abused its discretion by granting a motion to appoint a receiver that was not supported by any evidence or authorized by any law.

### CITATIONS TO SUPPLEMENTAL CLERK'S RECORD

The following are citations to the supplemental clerk's record filed on November 16, 2015, for documents that were referred to in Cliff and Hoskins,

Inc.'s opening brief, but were not yet contained in the appellate record:

Last Will and Testament of Lee Roy Hoskins, Sr. ..................... *Supp. CR 4-19*

Order Appointing Trustees ......................................................... *Supp. CR 20*

## OBJECTION TO SUPPLEMENTAL REPORTER'S RECORDS

This is an appeal from the trial court's order appointing a receiver following a July 15, 2015 hearing on a Motion by Lee Roy Hoskins, III, Andrea Clare Jurica, Lee Ann Hoskins Kulka for Order Appointing Marcus Rogers as Receiver ("Receivership Motion"). *CR 373.* Appellees Lee Roy Hoskins, Jr., Leonard Hoskins, Daniel Kenton Hoskins, and William Rex Hoskins later joined this motion. All appellees are referred to collectively as "Movants."[1]

Movants have supplemented the appellate record in this case with reporter's records from hearings conducted on May 6, 2014 and July 3, 2014, almost a year before the Receivership Motion was even filed. No part of those records can properly be considered evidence to support the trial court's order granting relief on the April 2015 motion here at issue. In the alternative, only those portions of the July 3, 2014 reporter's record that were actually appended to the post-hearing

---

[1] It is uncontested that Hazel Hoskins has died and that each of her sons (Cliff, Len, and Lee Roy, Jr.) survived her. By the terms of the Residuary Trust and the Marital Deduction Trust that are the subject of the receivership, Lee Roy Hoskins, Sr.'s grandchildren no longer have any interest in or claim to Trust assets. *Supp. CR 6, 8.* Therefore, Lee Roy Hoskins, III, Andrea Clare Jurica, Lee Ann Hoskins Kulka, Daniel Kenton Hoskins, William Rex Hoskins, Brent C. Hoskins, and Blake Hoskins are no longer proper parties to this appeal as they have no justiciable interest in its outcome.

2

bench brief submitted by Hazel Q. Hoskins, C. Clifton Hoskins, Hoskins, Inc., Blake C. Hoskins, and Brent Hoskins may even arguably be considered as evidence.

Cliff and Hoskins, Inc. object to the Court considering the reporter's records dated May 6, 2014 and July 3, 2014, and ask that those records be stricken. In the alternative, Cliff and Hoskins, Inc. ask that the Court strike all portions of those records other than those actually appended to the post-hearing brief referenced above.

## RESPONSE TO MOVANTS' STATEMENT REGARDING JURISDICTION

The motion resulting in the order appealed from in this case is entitled "Motion . . . for Order *Appointing* Marcus Rogers as Receiver." *CR 373* (emphasis added). At the hearing on this motion, Movants argued that statutory grounds for *appointing* a receiver applied. *See*, *e.g.*, *RR 67, 119.* The trial court characterized the hearing as a "hearing relative to the issue of the *appointment* of – by this Court a Receiver." *RR 90* (emphasis added). The court then asked, "am I wrong about that?" and Movants' counsel replied, "That is the motion." *RR 90-91.*

After the hearing, Movants filed a letter brief addressing "whether the Court could *appoint* Marcus Rogers to serve as Receiver." *CR 463* (emphasis added). The trial court ultimately signed an order entitled "Order *Appointing* Receiver." *CR 483* (emphasis added). The text of that order states, "IT IS THEREFORE

3

ORDERED THAT: Marcus Rogers is *appointed* as Receiver for the Marital Deduction Trust and the Residuary Trust created under the will of Lee Roy Hoskins, Sr. dated July 20, 1982 . . . ." *CR 483* (emphasis added).

Texas law expressly permits an appeal from an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). The order here appealed from appoints a receiver. *CR 483*. This Court has jurisdiction.

**RESPONSE TO MOVANTS' STATEMENT OF FACTS**

For the reasons stated in their objection above, Cliff and Hoskins, Inc. request that the Court disregard those portions of Movants' statement of facts that rely on the May 6, 2014 and July 3, 2014 reporter's records.

In addition, much of Movants' statement of facts is devoted to allegations of wrongdoing against Hazel Hoskins in her former capacities as executrix of Lee Roy Hoskins' Sr.'s estate and trustee of the Residuary Trust and the Marital Deduction Trust. Hazel resigned these positions in May 2014 and was replaced by the current Dependent Administratrix and by Successor Trustees. *CR 201, 203, 213; Supp. CR 20.* As explained in Cliff and Hoskins, Inc.'s opening brief, because Hazel was no longer a trustee at the time the Receivership Motion was heard, appointing a receiver cannot have been based on the need to remedy a breach of trust. Successor Trustees were already in place to accomplish that result

4

(if any breach of trust existed that required remedying) and Hazel had no capacity to engage in any future breach of trust.

Movants' extended discussion of what they perceive to be inadequacies in Hazel's performance of her duties is largely immaterial to this appeal.

Movants also recite in their statement of facts that they asked the trial court to "confirm" an arbitrator's prior appointment of Marcus Rogers as receiver over the Residuary Trust and the Marital Deduction Trust. This is a mischaracterization of the record. As discussed in further detail below, Movants requested that the trial court *appoint* Rogers as receiver, and that is precisely what the court did. *See CR 373, 483.*

## ARGUMENT AND AUTHORITIES

### I. The trial court appointed a receiver; it did not confirm a prior appointment.

Movants filed a motion requesting that the trial court appoint Marcus Rogers as a receiver. *CR 373.* They presented argument to the trial court asserting statutory grounds for appointing a receiver. *See*, *e.g.*, *RR 67, 119.* They filed a post-hearing letter brief urging the court to appoint a receiver. *CR 463.* They obtained an order appointing Rogers as receiver. *CR 483.* They now tell this Court that the trial court did not really appoint a receiver. They urge instead that the court merely confirmed the appointment of a receiver by an arbitrator in a completely independent arbitration proceeding arising from a completely

5

independent lawsuit to which no Movant except Leonard Hoskins is or ever was a party.[2]  Not only is this suggestion contrary to both the Receivership Motion and the trial court's order, it is contrary to the trial court's own explanation of his authority concerning the arbitration order.

As they do in this appeal, Movants asserted in the trial court that the court had already recognized Rogers as receiver by denying Hazel Hoskins' plea to the jurisdiction and plea in abatement.[3]  *See*, *e.g.*, *RR 68*.  The trial court rejected that assertion:

> [T]he basis of that was that I had not had any jurisdiction over him and therefore I could not grant as to that.  It was not that I was passively admitting anything and so – and I only point that out to say that I have recognized Mr. Rogers as the Receiver.[4]  What I recognized was that it was up to the – that that was something that was derivative out of the bankruptcy court over which I had no right to get involved in anyway, so that was the basis for it.  But I wanted to be sure that that was clarified as to why.  It has nothing to do realistically with the request that I go forward with recognizing it, but as to that order itself, it did not delineate the basis for this decision that I was denying that as to Mr. Rogers.

*RR 69.*

---

[2] It should be noted that this arbitration has been abated since November 12, 2013.  *CR 90.*

[3] Movants argue that Cliff and Hoskins, Inc. waived any right to challenge the trial court's order appointing a receiver because they did not appeal these prior orders, which were signed on May 6, 2014.  *CR 197, 198.*  But neither of these orders purports to appoint a receiver.  *See id.*  In addition, Cliff and Hoskins, Inc. were not parties to this litigation until December 9, 2014, when they filed their original answer to the Dependent Administratrix's petition for declaratory judgment.  *CR 332.*

[4] Movants quote this single sentence out of context.  *See Appellees' Brf.* at 13.

When Movants again urged that the court had previously recognized Rogers as receiver, the court was more direct:

> No, I did not recognize him. I said I had no authority to go into the appointment. . . . I was always very careful to state that I had no authority to go into what the district courts said in this country [sic]; what the appellate courts said; or what the federal courts said. I have never crossed that bridge.

*RR 76*.

The trial court clearly separated the arbitrator's appointment of a receiver from Movants' request that the court appoint a receiver. Indeed, the trial court clearly and repeatedly expressed its position that it had *no authority* to take any action whatsoever concerning the arbitrator's appointment. *See RR 69, 76*. The court's explanation, coupled with the clear and unequivocal language of both the Receivership Motion and the court's order appointing a receiver, leaves no room for debate—the trial court did not confirm a previous appointment, it independently appointed Marcus Rogers as receiver. *See CR 483*.

The trial court's order is appealable; this Court has jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1).

## II. The trial court could, and did, abuse its discretion.

Movants state that "[a] probate court *cannot* abuse its discretion in ordering a court-supervised professional to account for the assets of a testamentary trust in the process of a dependent administration . . . ." *Appellees' Brf.* at 15 (emphasis

7

added). This remarkable assertion is not supported by the authority Movants cite or by any other authority known to Cliff and Hoskins, Inc. Indeed, *Estate of Trevino*, 195 S.W.3d 223 (Tex. App.—San Antonio 2006, no pet.), on which Movants rely, involved neither a testamentary trust nor a dependent administration. The substance of the court's holding in that case is that a statutory probate court has the authority to appoint a receiver and that such appointment does not impermissibly interfere with the independent administration of an estate. *See id.* at 228-29.

The *Trevino* court certainly did not say that a probate court can never abuse its discretion by appointing a receiver. On the contrary, the court expressly recognized that an order appointing a receiver—even one signed by a probate court—"is reviewed under an abuse of discretion standard." *Id.* at 231. This standard would never have any application if the probate court could not abuse its discretion by appointing a receiver.

Movants also contend that courts often appoint receivers to manage "protracted litigation involving family disputes." *Appellees' Brf.* at 15-16. This observation is of no consequence, however, in this case. While other litigants in other cases involving family disputes may well have satisfied the legal and evidentiary requirements for appointing a receiver, Movants in this case did not. *See Estate of Trevino*, 195 S.W.3d at 230-31 (describing evidence and legal

8

grounds supporting appointment); *Gonzalez v. Gonzalez*, 469 S.W.2d 624, 632-33 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.) (describing bill of exception evidence and legal grounds supporting appointment).

Movants now attempt to support the trial court's appointment of a receiver in this case by arguing that it is not really "harsh" because the receiver is not authorized "to take control and management from the owners or managers of privately owned businesses or revenue-generating assets." *See Appellees' Brf.* at 16. Movants identify no authority limiting the drastic nature of receivership—or the court's disfavor of that remedy—to situations involving the management or control of private businesses or revenue-generating assets. On the contrary, Texas law is clear that appointing a receiver, in and of itself, is "an extraordinarily harsh remedy" that "courts are particularly loathe to utilize." *Krumnow v. Krumnow*, 174 S.W.3d 820, 828 (Tex. App.—Waco 2005, pet. denied).

It is beyond question that a probate court *can* abuse its discretion by appointing a receiver. For all of the reasons stated in Cliff and Hoskins, Inc.'s opening brief, the trial court in this case *did* abuse its discretion. And that abuse of discretion is not excused by Movants' perception that appointing a receiver in this case may not be as harsh as in some other cases.

**III.    Movants' failure to present evidence mandates reversing the order appointing the receiver.**

   **A.    Cliff and Hoskins, Inc. did not waive their right to challenge the appointment.**

Movants urge that Cliff and Hoskins, Inc. waived their right to challenge the appointment of Marcus Rogers as receiver because they did not appeal from the trial court's July 3, 2014, order to Hazel to render an accounting or from "any implicit ruling appointing Mr. Rogers as Receiver in May or August 2014." *Appellees' Brf.* at 19-20. This argument fails because (1) none of these orders purported to appoint Rogers as receiver, *CR 197, 198*, (2) Cliff and Hoskins, Inc. were not parties to this litigation at the time those orders were made, *CR 332*, and (3) Movants do not explain how an "implicit ruling" would be appealable in any event.

Cliff and Hoskins, Inc. did not waive their right to appeal from the July 15, 2015 order appointing a receiver by not appealing from unappealable orders entered at a time when they were not parties in this case.

Movants next urge that Cliff and Hoskins, Inc. waived their right to appeal by not filing a written response to the Receivership Motion and not "speaking a single word" at the hearing on that motion. But the burden to establish, by competent evidence, legal grounds for appointing a receiver rested solely on Movants. *See Estate of Benson*, No. 04-15-00087-CV, 2015 WL 5258702, at *5

10

(Tex. App.—San Antonio Sept. 9, 2015, no pet.); *Elliott v. Weatherman*, 396 S.W.3d 224, 228 (Tex. App.—Austin 2013, no pet.).  Cliff and Hoskins, Inc. had no burden to file any response to Movants' motion, to "speak" at the hearing, or to inform Movants of Movants' own evidentiary burden.

In any event, the record as a whole demonstrates Cliff and Hoskins, Inc.'s alignment with Hazel Hoskins in opposing the appointment of a receiver.  *See*, *e.g.*, *CR 444* (bench brief opposing appointment filed on behalf of Cliff and Hoskins, Inc., among others).  It also demonstrates that Movants were repeatedly alerted to the fact that they were not supporting their motion with evidence but repeatedly disavowed any intention to offer any evidence.  *See*, *e.g.*, *RR 63-64, 66, 88-89, 115-16.*

Movants offer this Court no authority to support the proposition that Cliff and Hoskins, Inc. were required to inform either Movants or the trial court that Movants were required to prove their entitlement to the relief they requested.  The only authority they do offer is inapposite.  *See Marlow v. Palm Harbor Homes, Inc.* No. 14-00-00683-CV, 2002 WL 1988249 (Tex. App.—Houston [14th Dist.] Aug. 29, 2002, no pet.) (not designated for publication).[5]  The appellate complaint in *Marlow* was that the trial court failed to conduct a formal evidentiary hearing before deciding the validity of an arbitration agreement.  *Id.* at \*2.  It was

---

[5] This unpublished opinion, having issued prior to January 1, 2003, has no precedential value. *See* TEX. R. APP. P. 47.7(b).

11

specifically in the context of compelling arbitration that the court noted that an evidentiary hearing is required if material facts are controverted by admissible evidence. *Id.* The present case does not involve the issue of whether arbitration should be compelled.

In addition, the situation in *Marlow* was the opposite of the situation in this case. The movants in *Marlow* sought to compel arbitration and presented the trial court with a copy of the contract containing an arbitration agreement (*i.e.*, evidence). *Id.* Movants in this case did not present any evidence.

The non-movants' complaint on appeal in *Marlow* was that the trial court did not hear evidence *opposing* the motion to compel. *Id.* Non-movants Cliff and Hoskins, Inc. do not contend that the trial court prevented them from introducing evidence at the hearing on the Receivership Motion. They contend only that Movants had the burden to introduce evidence and wholly failed to sustain that burden. The consequence of that failure falls on Movants, not on Cliff and Hoskins, Inc.

### B. Cliff and Hoskins, Inc. have standing to appeal.

"The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). And "a

party whose own interest is prejudiced by an error has standing to appeal." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

Cliff and Hoskins, Inc. have standing to appeal the order appointing a receiver because they have a justiciable interest in the assets of the Trusts and, consequently, in the actions of the receiver. It is uncontroverted that Cliff and Hoskins, Inc. have both been named as defendants in this action, Cliff is a trust beneficiary, and shares of Hoskins, Inc. are alleged to be assets of either the Residuary Trust or the Marital Deduction Trust. *See Appellees' Brf.* at 1. Cliff and Hoskins, Inc.'s interests are therefore prejudiced by the trial court's error in appointing a receiver.

Movants contend, though, that Cliff lacks standing as a trust beneficiary because only the Trustees can act for the trusts. Movants rely on a general rule but overlook the applicable exception: "A beneficiary is authorized to enforce an action when the trustee cannot or will not enforce it." *Grinnell v. Munson*, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.) (citing *Interfirst Bank-Houston, N.A. v. Quintana Petro. Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.)). As Movants note, the Trustees in this case not only have declined to appeal the order appointing a receiver, they have embraced that order. *See Appellees' Brf.* at 22.

13

Cliff is a beneficiary of the Residuary Trust. *Supp. CR 8.* The Residuary Trustee has refused to challenge the order appointing a receiver. Cliff therefore has standing to appeal that order himself. *See Grinnell*, 137 S.W.3d at 714; *Interfirst Bank*, 699 S.W.2d at 874.

## C.     The record contains no support for the trial court's order.

Movants again attempt to avoid the consequences of presenting no evidence to support appointing a receiver by asserting that this Court can simply review the history of this litigation and then conclude that "[t]he need for the Receiver to report on the assets of the Trusts is obvious . . . ." *Appellees' Brf.* at 22. Cliff and Hoskins, Inc. disagree.

First, the jurisdiction of this Court over this interlocutory appeal is very narrow. The only issue properly before the Court is whether the trial court abused its discretion by appointing a receiver. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). And the only record properly before the Court by which to measure the trial court's exercise of discretion is the record of proceedings on the Receivership Motion.

In this regard, the trial court's order expressly states that the court "considered the motion, the responses thereto, and the argument of counsel." *CR 483*. Nothing in the record indicates that the court considered any other pleading, document, or hearing transcript. *See Parks v. Developers Sur. & Indem. Co.*, 302

14

S.W.3d 920, 923 (Tex. App.—Dallas 2010, no pet.) (recitals contained in judgment are presumed true unless there is a conflict between the judgment and record); *Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.) (same). This Court's consideration should be similarly limited to the Receivership Motion, responses, and the reporter's record of the July 15, 2015 hearing.

In addition, the cases on which Movants rely to justify overlooking their failure to present evidence are distinguishable. For example, the trial court in *Gonzalez* refused to hear evidence supporting appointment of a receiver and *denied* the application for a receiver. 469 S.W.2d at 631. This is the polar opposite of the present case and provides no support for the proposition that a court may *grant* an application to appoint a receiver without hearing evidence. Further, the parties requesting appointment of a receiver in *Gonzalez* made a bill of exception containing appropriate evidence in support of their application. *Id.* The appellate court therefore had the necessary evidence before it. In this case, Movants did not provide either this Court or the trial court with the necessary evidence.

Similarly, the court in *Tugman v. Tugman*, No. 13-08-00194-CV, 2008 WL 2151451 (Tex. App.—Corpus Christi May 22, 2008, no pet.), identified "sufficient evidence" in the record—affidavit testimony, a stipulation by the parties, and "sworn testimony offered by appellant himself." *Id.* at *5. Again, there is no such

15

evidence in this case. Unlike the order in *Tugman*, the order in this case is "devoid of evidentiary support." *Id.*

## IV.     Movants did not establish any legal or equitable grounds for appointing a receiver.

Cliff and Hoskins, Inc. demonstrate in their opening brief that Movants did not sustain their burden of establishing any legal or equitable grounds to support the order appointing a receiver. That discussion need not be repeated here.

## V.     Marcus Rogers' disqualification to serve as receiver is not moot.

Marcus Rogers' fees, as receiver appointed by the arbitrator, have been paid by Len Hoskins, one of the parties to this litigation. Cliff and Hoskins, Inc. assert that this financial connection evidences a bias that disqualifies Rogers from being appointed as receiver by the court in this case. Movants contend that this issue is moot because Rogers is no longer being paid by Len. But the taint of Rogers' financial connection to Len remains. Rogers is not "indifferent" or "disinterested" in these proceedings and is disqualified to be appointed as receiver. *See Wiley v. Sclafani*, 943 S.W.2d 107, 110 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

### CONCLUSION AND PRAYER

The trial court abused its discretion by granting a motion to appoint a receiver despite Movants' failure to present any evidence to support that motion and consequent failure to establish any legal or equitable grounds for appointing a receiver.

16

Movants attempt to divert this Court's attention from this relatively simple issue by arguing that the Court lacks jurisdiction because the order appointing a receiver is not really an order appointing a receiver, and that Cliff and Hoskins, Inc. waived their right to appeal because they did not appeal prior unappealable orders at a time when they were not parties to the lawsuit. Movants also attempt to divert attention from the lack of evidence by inviting the Court to comb through the history of this litigation, even though the trial court clearly considered only the pleadings and hearing arguments directly related to the Receivership Motion.

Once these diversionary arguments are discarded, it becomes apparent that Movants have not given this Court any evidentiary, legal, or equitable basis to refute Cliff and Hoskins, Inc.'s arguments showing that the trial court's order appointing a receiver is an abuse of discretion.

At its heart, Movants' argument on appeal is that the history of this litigation demonstrates that someone should do something to end it. What is lacking, however, is any law or evidence establishing that a receiver, rather than the current Dependent Administratrix or a current Trustee, is that someone.

WHEREFORE, Colonel Clifton Hoskins and Hoskins, Inc. respectfully request that this Court vacate the trial court's "Order Appointing Receiver" and that they have such further relief to which they are entitled.

17

Respectfully submitted,

DYKEMA COX SMITH
Ellen B. Mitchell
State Bar No. 14208875
emitchell@dykema.com
C. David Kinder
State Bar No. 11432550
dkinder@dykema.com
Melanie L. Fry
State Bar No. 24069741
mfry@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
Telephone:  (210) 554-5500
Facsimile:  (210) 226-8395


By:  /s/ Ellen B. Mitchell
      Ellen B. Mitchell

*Attorneys for Colonel Clifton Hoskins
and Hoskins, Inc.*

18

## CERTIFICATE OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of amended rule 9.4 of the Texas Rules of Appellate Procedure. Exclusive of the exempted portions stated in amended rule 9.4(i)(1), the brief contains 3,970 words, as calculated by Microsoft Word 2010, the program used to prepare this document.

/s/ Ellen B. Mitchell
Ellen B. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Brief of Appellants Colonel Clifton Hoskins and Hoskins, Inc. has been forwarded to all counsel and parties of record, listed below, by U.S. Mail, on this 30th day of December, 2015.

David C. Bakutis/R. Dyann McCully
BAKUTIS, MCCULLY & SAWYER, P.C.
500 West Seventh Street, Suite 725
Fort Worth, Texas  76102
dbakutis@lawbms.com
dmccully@lawbms.com
*Attorneys for Dependent Administratrix With Will Annexed
of the Estate of Lee Roy Hoskins, Sr., Deceased*

Michael C. Sartori
502A Houston Street
P.O. Box 1222
George West, Texas  78022
Michael@msartori.com
*Attorney for C. Clifton Hoskins, Independent Executor of the Estate of Hazel
Q. Hoskins, Deceased*

David L. Ylitalo
YLITALO LAW FIRM
319 Maverick Street
San Antonio, Texas  78212
d.ylitalo@ylitalolaw.com
*Attorneys for Leonard K. Hoskins, William Rex Hoskins, and Daniel Kenton
Hoskins*

Marcus P. Rogers
LAW OFFICES OF MARCUS P. ROGERS, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas  78209
mpr2222@aol.com
*Receiver*

Glen A. Yale
YALE LAW FIRM, P.C.
2135 East Hildebrand Avenue
San Antonio, Texas  78209
glenyale@yalelawfirm.com
r.robichaux.yalelawfirm@gmail.com
*Attorneys for Marcus P. Rogers, Receiver*

James Hartnett, Jr.
THE HARTNETT LAW FIRM
220 North Pearl Street
Dallas, Texas  75201-7315
jim@hartnettlawfirm.com
*Attorneys for Marcus P. Rogers, Receiver*

George P. "Trace" Morrill, III
MORRILL & MORRILL, PLLC
309 North Washington Street
Beeville, Texas  78102
trace_morrill@me.com
*Trustee of the Residuary Trust*

Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas  78212
royal@binghamandlea.com
*Attorneys for Southwest Ranching, Inc., Lee Roy Hoskins, Jr., Lee Roy Hoskins, III, Andrea Clare Jurica, and Lee Ann Hoskins Kulka*

Brendan C. Holm
David W. Navarro
HORNBERGER FULLER & GARZA
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas  78209
bholm@hfgtx.com
dnavarro@hfgtx.com
*Attorneys for Brent C. Hoskins*

21

Ezra A. Johnson
UHL, FITZSIMONS, JEWETT & BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas  78209
ejohnson@ufjblaw.com
*Attorneys for Blake Hoskins*

Joe L. Carter, Jr.
The Petroleum Center
4657-C1 Business 181-N
Beeville, Texas  78102
joe@joecarter.biz
*Trustee of the Marital Trust*

Kevin P. Kennedy
ATTORNEY AT LAW
1920 Nacogdoches Road, Suite 100
San Antonio, Texas  78209-2241
kpk@texas.net
*Attorney for Joe Carter, Trustee of the Marital Trust*


/s/  Ellen B. Mitchell
Ellen B. Mitchell


22

6352976.1