**Jan MARTIN, Independent Executrix of the Estate of Gary Martin, Appellant.**

v.

**MARTIN, MARTIN & RICHARDS, INC. and Roneal Martin, Appellees.**

**No. 2–96–112–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1999.

Bishop, Payne, Williams & Werley, L.L.P., and Thomas J. Williams, Fort Worth, for Appellant.

Law, Snakard & Gambill, and Ed Huddleston, Dabney D. Bassel, and Lynn M. Johnson, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; HOLMAN, J; and H. TOD WEAVER, J. (Retired) (Sitting by Assignment).

## OPINION ON REMAND

H. TOD WEAVER, Justice (Retired).

### INTRODUCTION

This is a breach of contract case. On original submission, we held that res judicata barred appellant's claims. *Martin v. Martin, Martin & Richards, Inc.,* 991 S.W.2d 1 (Tex.App.—Fort Worth 1997). The Texas Supreme Court held that, under the facts of this case, the claims were not barred. Thus, that court reversed and remanded the case to this court for consideration of the remaining issues. *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357 (Tex.1998). We now consider those remaining issues. In so doing, we

determine that there are genuine issues of material fact as to the enforceability of the underlying contract. Thus, the trial court erred in granting appellees' motion for summary judgment. Accordingly, we reverse and remand for trial on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Gary Martin,[1] Roneal Martin, and Floyd Richards organized Martin, Martin & Richards, Inc. (MMR) in 1978. Gary, Roneal, and Floyd were the sole directors, shareholders, and principal officers of MMR. In 1988, Gary sold his stock in MMR to Roneal and Floyd. Under the terms of the parties' written contract (the contract), Gary was to be paid $200,000 for his interest in MMR and $1.3 million for consulting services. The payments were to be made in equal bimonthly installments over ten years.

Later, when Roneal filed suit against MMR and Floyd to dissolve their business relationship, Gary intervened, although he was not named as a party. At the time of Gary's intervention, MMR had made all but one payment to him due under the terms of the contract. In his intervention, Gary sought a declaration that the contract was a binding obligation on MMR and sought to impose a constructive trust on MMR's assets to secure its contractual obligations to him.

Roneal and Floyd then settled their suit and Roneal became the sole shareholder of MMR. Gary did not participate in the settlement. However, he approved of a proposed order that stated that the parties desired to dismiss the claims against each other. That order, however, perhaps inadvertently, only allocated costs and did not dismiss the suit. The trial court then issued another order, which Gary did not approve, dismissing with prejudice "all causes of action which were brought, or which could have been brought, by Plaintiffs, Defendants, and Intervenor."

Although MMR had continued to pay Gary throughout the litigation, it quit paying him after the settlement. Gary then filed this suit against MMR. He later amended his pleadings to add Roneal as a defendant. In this suit, Gary seeks past installments due and unpaid, as well as future installments based on anticipatory breach.

MMR and Roneal moved for summary judgment, and the trial court granted their motion four days later, without notice to Gary and before he filed a response. Two days after the trial court's order was signed, Gary filed a response. Eleven days later the trial court issued another order stating that it had received Gary's response and had considered it for all purposes with respect to the defendants' motion for summary judgment. The trial court stated that, having considered Gary's response, it's prior determination that summary judgment should be granted in favor of MMR "remains correct in all respects." The trial court's order granting MMR's motion for summary judgment was a general one.

## GARY'S COMPLAINTS ON APPEAL

On appeal, Gary initially complains that the trial court erred in granting MMR's motion for summary judgment because genuine issues of material fact exist as to each of his causes of action. Additionally, Gary contends that the trial court erred in granting the motion without a hearing and without notice to him. In our prior opinion, we held that, although the trial court erred in failing to notify Gary, its failure to do so was harmless based on the trial court's later consideration of Gary's response and its confirmation of its previous ruling. *Martin*, 991 S.W.2d at 13–14. The supreme court agreed with that aspect of our prior opinion. *Martin*, 989 S.W.2d

1. During the pendency of this suit, Gary Martin died. Jan Martin, his independent executrix, was substituted as a party in his place.

For clarity, we will continue to refer to appellant as Gary.

at 359.[2] Thus, we will consider only whether the trial court erred in granting MMR's motion for summary judgment. MMR moved for summary judgment. Its grounds can be summarized as:

1) There was no contract between MMR and Gary;
2) If there was a contract, it violated the statute of frauds and, thus, was unenforceable; and
3) If there was an enforceable contract, Gary had breached it.[3]

The trial court granted MMR's motion without specifying the ground or grounds on which it was based. Therefore, Gary has the burden of pointing us to competent summary judgment evidence in the record establishing that none of the independent grounds asserted in MMR's motion are sufficient to support the trial court's judgment. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

At the outset, we note that MMR argues that Gary's response to MMR's motion for summary judgment is deficient because it fails to meet the requisites of *McConnell v. Southside ISD,* 858 S.W.2d 337 (Tex.1993) (plurality op.). However, rule 166a(c) provides that the trial court's judgment is to be based on the pleadings, admissions, and affidavits of the parties. Tex.R. Civ. P. 166a(c). Here, Gary filed his own motion for summary judgment with supporting documentation, including a 1980 buy—sell agreement between the parties, the 1988 contract, and Gary's affidavit. Together, these documents contain competent, controverting, summary judgment evidence. *See* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Houston L.Rev. 1303, 1334 (1998). That motion raised the same issues that Gary raises before this court. The trial court's failure to explicitly rule on Gary's motion does not preclude either the grounds contained in that document or its supporting exhibits from being properly

before either the trial court or this court. *Cf. Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996) (holding court of appeals may address summary judgment grounds urged in trial court and preserved for review but on which trial court did not rule).

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.,* 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential

---

**2.** Accordingly, we again overrule Gary's second point.

**3.** MMR's motion and supplemental motion together enumerated 24 grounds.

elements of the movant's cause of action or defense as a matter of law. *See City of Houston,* 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.,* 926 S.W.2d at 282. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

## THE CONTRACT

■ In MMR's motion for summary judgment, it asserted that because MMR as a corporation did not sign the contract, there was no contract between it and Gary. However in 1980, Gary, Roneal, and Floyd executed a "Buy—Sell Agreement" (the agreement) with MMR. The agreement provided that, should a stockholder wish to sell his stock, he had to offer it first to MMR. The agreement recited that Gary, Roneal, and Floyd were the sole shareholders. The agreement was signed by Floyd, in his capacity as president of MMR, and by Floyd, Roneal, and Gary, as stockholders of MMR. (cr 281).

The contract on which this suit is based was executed in 1988. It is signed by Gary, Roneal, and Floyd. The contract in question provides:

> The parties each own a one-third interest in .... a privately-held corporation MARTIN, MARTIN, & RICHARDS, INC., known as MMR, Inc.
>
> . . . .
>
> [T]he parties agree as follows:
>
> . . . .
>
> Gary Martin sells and conveys ... all of the right title and interest of Gary Martin ... in MMR, Inc. to MMR, Inc.

MMR appears to argue that because MMR did not sign the 1988 contract as a corporation, it is neither a party to nor bound by the contract.

■ The shareholders of a corporation are the equitable owners of its assets, and may bind the corporation by a contract that all of the shareholders sign. *See Rapp v. Felsenthal,* 628 S.W.2d 258, 260 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). A sole shareholder or all shareholders acting in agreement, being all the beneficial owners of corporate property, may themselves deal with the property, so long as the rights of creditors are not prejudiced. *See Newman v. Toy,* 926 S.W.2d 629, 631 (Tex.App.—Austin 1996, writ denied). In such a case, only the corporation's creditors are in a position to complain of the lack of proper action by the board of directors. *See id.; see also Zorn v. Brooks,* 125 Tex. 614, 83 S.W.2d 949, 951 (1935). The 1988 contract establishes that Gary, Roneal, and Floyd were the sole shareholders of MMR. As such, they were able to bind MMR to the 1988 contract. At the very least, the summary judgment evidence raises a genuine issue of material fact as to the validity of the contract in question and its binding effect on MMR. Therefore, the fact that the contract is signed by Gary, Roneal, and Floyd, and not by MMR does not, as a matter of law, negate an element of Gary's case.

MMR argues however, that it is not bound by the contract because it is unen-

forceable under the statute of frauds. The statute of frauds simply requires an agreement that is not to be performed within one year from the date it was made to be in writing and signed by the party to be charged. *See* TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). The crux of MMR's contention is that, because it was not a party to the 1988 contract, that contract is not enforceable against it. We have already determined above that, at the very least, a fact issue exists as to whether MMR is a party to and is bound by the contract. Thus, MMR has not presented summary judgment evidence that establishes each element of this affirmative defense as a matter of law. *See Ryland Group, Inc.*, 924 S.W.2d at 121.

█ Finally, MMR argues that, even if there was a contract between it and Gary, the contract is unenforceable because there was either no consideration, inadequate consideration, failure of consideration, or Gary breached the contract. The contract required Gary to sell his one-third interest in MMR to MMR. Gary was to be retained by MMR as a consultant "at the monthly rate of $10,833.33 per month for a period of ten years." Additionally, Gary was to be paid $200,000 at the rate of $1,667.67 a month for ten years, "[i]n consideration of the transfer." MMR argues that these terms are so indefinite as to be unenforceable. We do not deem these terms to be so vague as to be unenforceable.

█ Likewise, it is not our responsibility to determine the fairness of the contract. On the face of the documents, Gary gave up whatever legal right he had to MMR and its assets. On a challenge to the adequacy of consideration, a court will generally not look beyond the face of the contract unless there is unconscionability, bad faith, or fraud, in which case, a court may consider the adequacy of consideration in the interest of equity. *See Birdwell v. Birdwell*, 819 S.W.2d 223, 227 (Tex. App.—Fort Worth 1991, writ denied); *Neeley v. Intercity Management Corp.*,

623 S.W.2d 942, 953 (Tex.App.—Houston [1st Dist.] 1981, no writ). In order for the consideration to be deemed inadequate, it must be so grossly inadequate as to shock the conscience, being tantamount to fraud. *See Cearley v. Cearley*, 331 S.W.2d 510, 512 (Tex.Civ.App.—Dallas 1960, no writ). Furthermore, the relinquishment of a legal right (i.e., a detriment to the promisee) is sufficient consideration to support a contract. *See Shell Pipeline Corp. v. Coastal States Trading, Inc.*, 788 S.W.2d 837, 844 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Tripp Village Joint Venture v. MBank Lincoln Ctr.*, 774 S.W.2d 746, 749 (Tex.App.—Dallas 1989, writ denied).

Gary's affidavit, together with the contract itself, is sufficient to raise a genuine issue of material fact as to the consideration supporting the contract. Both documents recite that Gary conveyed his one-third interest in MMR to appellees. MMR has not presented summary judgment evidence that establishes each element of this affirmative defense as a matter of law. *See Ryland Group, Inc.*, 924 S.W.2d at 121.

█ MMR also argues that Gary breached the contract by failing to perform any consulting services. Although Gary admits that he did not perform any such services, his affidavit states that no such services were requested of him. Furthermore, Floyd's affidavit specifically states, "It was never contemplated nor required that Gary Martin would render any substantial consulting services to MMR." Floyd's affidavit also states that he understood the agreement to pay Gary the consulting fees was "a valid, legal and binding obligation on the part of MMR." These affidavits, together with the contract, are sufficient to raise a fact issue as to whether Gary breached the contract. Thus, MMR has not presented summary judgment evidence that establishes each element of breach of contract as a matter of law. *See id.*

We determine that genuine issues of material fact exist as to Gary's cause of action for breach of contract and MMR has not established any of its affirmative defenses as a matter of law. *See City of Houston*, 589 S.W.2d at 678. Accordingly, we sustain Gary's first point.

## CONCLUSION

Having sustained Gary's first point, we reverse the trial court's judgment and remand for trial on the merits.