

## NUMBER 13-21-00244-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE SYLVIA HERNANDEZ

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Silva[1]

In this original proceeding, relator Sylvia Hernandez seeks to set aside an order allowing her presuit deposition to be taken under Texas Rule of Civil Procedure 202. *See* TEX. R. CIV. P. 202.[2] Sylvia is the former employee of a constellation of health care

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] By separate memorandum opinions issued on this same date, we have also decided companion cases which are based on substantially similar facts and legal issues. *See In re Estrada*, No. 13-21-00206-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg Mar. 3, 2022, orig. proceeding) (mem. op.); *In re Ramirez*, No. 13-21-00215-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg Mar. 3, 2022, orig. proceeding) (mem. op.).

companies including Legacy Home Health Agency, Inc. (Legacy), Restorative Health Services, LLC d/b/a Coastal Home Health Care (Coastal), and Legacy Home Care Services, Inc. d/b/a All Seasons Home Care (All Seasons),[3] which are generally owned by Ambrose Hernandez. Sylvia terminated her employment with the companies and began working for American Medical,[4] a competing health care company. Legacy and All Seasons sued American Medical and others[5] in Bexar County for, inter alia, breach of contract regarding nondisclosure agreements and noncompete agreements, breach of fiduciary duty, misappropriation of trade secrets and confidential information, and tortious interference.

In a separate proceeding filed in Nueces County, Hernandez, Legacy, Coastal, and All Seasons filed a Rule 202 petition seeking to depose Sylvia regarding similar issues.[6] The trial court granted the petition and ordered that Hernandez and Coastal could conduct a presuit deposition of Sylvia. Sylvia now challenges that ruling by petition

---

[3] All Seasons is identified elsewhere in the record as All Seasons Home Care, Inc.

[4] Based on the record, the American Medical entities include: American Medical Home Health Services, LLC, Hub City Home Health, Inc. d/b/a American Medical Home Health Services, American Medical Home Health Services San Antonio, LLC, American Medical Hospice Care, LLC, and American Medical Palliative Support, LLC. Sylvia's exact employer is not clearly identified among these entities, and we refer to her employer generically as "American Medical."

[5] According to the live pleading in the record before us, "Plaintiffs' Verified Fourth Amended Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions," Legacy and All Seasons filed suit against American Medical Home Health Services, LLC, Hub City Home Health, Inc. d/b/a American Medical Home Health Services, American Medical Home Health Services San Antonio, LLC, American Medical Hospice Care, LLC, American Medical Palliative Support, LLC, Magdalena (Maggie) Clemente, Rene Estrada, and Gina Trevino in cause number 2020CI09053 in the 150th District Court of Bexar County, Texas. An appeal from that case is pending in the Fourth Court of Appeals in its appellate cause number 04-20-00494-CV.

[6] This original proceeding arises from trial court cause number 2021-DCV-2010-H in the 347th District Court of Nueces County, Texas, and the respondent is the Honorable Missy Medary. *See* TEX. R. APP. P. 52.2.

for writ of mandamus. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On May 27, 2021, Hernandez, Legacy, Coastal, and All Seasons (collectively, petitioners) filed a verified Rule 202 petition seeking Sylvia's presuit deposition.[7] According to their petition, Hernandez owns Legacy, All Seasons, and A.C.L.S., Inc., the owner of Coastal. Legacy, All Seasons, and Coastal are home health care providers that employ "thousands" of attendants to assist the elderly and disabled who qualify for Medicaid. The petition stated that "[t]he home health industry is a competitive industry," and that the three companies had

> invested substantial time, effort, and financial resources into developing certain formulas, patterns, compilations, programs, devices, methods[,] and techniques of the business operation, marketing plans, client and patient information, referral and payor sources, employee lists, wages, supplier lists, business relationships[,] and other information that [have] helped [Legacy, All Seasons, and Coastal] maintain a competitive edge in the regional market (hereinafter collectively referred to as "Confidential Information" and "Trade Secrets").

The petition recounted that the companies' employees were required to sign nondisclosure and noncompete agreements to further the companies' operations. According to the petition, Sylvia signed "several" of these agreements when she contracted with Legacy, All Seasons, "and/or" Coastal to perform various tasks. The companies shared with her "confidential, trade secret, and proprietary information," and Sylvia gained "extensive" knowledge regarding the companies' confidential information.

---

[7] By the same Rule 202 petition, the petitioners also sought to depose Michelle Pena and Danielle Ramirez. The trial court also granted presuit depositions for Pena and Ramirez; however, these parties did not join Hernandez's petition for writ of mandamus, and accordingly, we do not address the trial court's order as to Pena and Ramirez.

3

According to the petition, Sylvia terminated her employment with the companies and began working for one of their competitors in violation of the noncompete agreements she signed. The petition provided that, "upon information and belief," Sylvia, among others, "participated in soliciting other employees of [the companies] to leave their employment for employment with the competitor." The petitioners stated that they believed that "these former employees divulged information to third parties which was false[,] misleading[,] and/or [c]onfidential," and "[s]uch actions have led to adverse business interruptions in business operations" for All Seasons and Coastal. The petition further stated:

> Based on the timing, proximity, and repeat nature of these events, [petitioners] suspect that [Sylvia] violated and continues to violate [her] respective contractual obligations. [The petitioners] also have reason to believe [that she] shared information with third parties which ultimately led to adverse action to be taken by such third parties against [All Seasons and/or Coastal].

The petitioners stated that they sought "to discover such information so as to determine the extent of economic damages caused by these actions." The petition provided that,

> although [the petitioners believe] based on what [they know] thus far that there may well be a suit in the offing, [they were bringing] this petition solely under Rule 202.1(b) "to investigate a potential claim or suit" before actually filing one in order to gain a better understanding of the damage caused [by Sylvia].

The petitioners alleged that their "interest in this matter is to determine [their] legal rights with respect to the above-described communications." The petitioners stated that "the substance of the testimony [they] would elicit from [Sylvia] would, at a minimum, include whether and to what extent [she] violated [her] contractual and legal duties to [the

4

petitioners]." The petition further stated, in relevant part, that:

20.  For the reasons set forth above, [petitioners aver] that the likely benefit of allowing [petitioners] to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. While [petitioners] could conceivably file a lawsuit based on what [petitioners know] at this time, [petitioners believe] a superior method would be [to] take the deposition of [Sylvia] first to investigate [petitioners'] claims and in the process narrow down and/or identify the existence of any alternative/additional claims and/or defendants among (or perhaps even outside of) [Sylvia] listed above and determining what claims should be asserted against any such potential additional defendant(s).

21.  In addition, this Petition would put [Sylvia] as well as all of the associated persons/entities on whose behalf [she] act(s) on notice of the fact that claims are being investigated such that it/they know to retain relevant documents that may have otherwise been purposefully or accidentally destroyed. Should [petitioners] learn that witnesses or persons acting in concert or privity with [Sylvia are] in possession of data or documents that contain [petitioners'] confidential information, [petitioners] could seek the orderly return of such data and/or documents.

The petition was signed separately by counsel representing Hernandez and counsel representing Legacy, All Seasons, and Coastal. The petitioners supported their request with a declaration[8] provided by Hernandez verifying that the statements in the petition were within his personal knowledge and were true and correct. Hernandez's declaration referenced and attached the following agreements that Sylvia signed in the course of her employment with the petitioners: (1) a 2016 "[Nondisclosure] Agreement" with Legacy, (2) a separate 2016 "[Nondisclosure] Agreement" with Legacy, and (3) a 2016 "Covenant Not to Compete and Arbitration Agreement" with Legacy.

---

[8] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (providing that an unsworn declaration may be used in certain circumstances); *see also Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702 (Tex. 2019).

On June 23, 2021, Sylvia filed a verified "Plea to Abate" which was premised on the "dominant jurisdiction of a pending intertwined lawsuit" in Bexar County. Sylvia asserted that the "two suits involve common issues of fact and law, similar parties, and the same or similar written discovery, depositions, and evidence at trial." Sylvia asserted that "[b]oth cases involve alleged violations of [nondisclosure] and [noncompete] agreements allegedly signed by former Legacy employees who later went to work for American Medical, and potential resulting damages." Sylvia stated that counsel for Legacy and All Seasons had already taken her six-hour deposition in the Bexar County case, and that the petitioners "seek to evade the jurisdiction and discovery limits" of the Bexar County case by filing the Rule 202 petition in Nueces County. Sylvia further pointed out that "[b]oth lawsuits involve the same nucleus of operative facts, similar parties, and the same or similar causes of action."

Sylvia argued that Legacy and All Seasons were two of the plaintiffs in the Bexar County suit; that Hernandez owned Legacy, Coastal, and All Seasons and was a fact witness who verified all the petitions in the Bexar County suit; and that Coastal was a "managed company" through which Legacy and All Seasons had asserted claims in Bexar County. Sylvia asserted that the petitioners were "parties, potential parties, or have been identified . . . as witnesses with relevant knowledge" in the Bexar County suit. Sylvia further alleged that the same attorneys represented Legacy, All Seasons, and Hernandez in the Bexar County suit as in the Rule 202 proceedings. Sylvia supported her request for abatement with various pleadings and filings from the Bexar County litigation.

At the hearing, the petitioners filed numerous exhibits in support of their request

6

for relief, including a June 23, 2021 declaration by Hernandez made in support of the petitioners' request to depose Sylvia. Hernandez's June 23, 2021 declaration provided, in relevant part:

5.     Legacy, All Seasons and I (Ambrose Hernandez) were involved in a legal proceeding with a managed care organization ("MCO"), Superior HealthPlan, Inc. ("Superior") arising from Superior's wrongful and illegal [retaliatory] conduct against companies I own and against me personally. In 2013, Superior, overnight and without notice, terminated its agreements with companies I owned, Legacy Home Health Agency, Inc. ("Legacy"), Legacy Home Care Services, Inc. d/b/a All Seasons; Legacy Adult Day Care ("All Seasons"), and LegacyTherapy Center, Inc. ("LTC")[9] (collectively referred to as "Legacy Entities"). After having suffered a severe financial blow, the Legacy Entities took up the long legal battle of seeking recourse against Superior in an arbitration proceeding.

6.     Superior's conduct in 2013 caused devastation amongst the Legacy Entities and affected thousands of Medicaid patients, many located in the Rio Grande Valley, Corpus Christi[,] and its surrounding areas. On November 19, 2019, after almost 18 days of hearing, an arbitrator issued a 50-page Final[ ]Arbitration Award against Superior, awarding Legacy $3.46 million in actual damages and $1.9 million in attorney's fees. In his Award, the arbitrator found that Superior's retaliation was a substantial motivation for Superior's termination of all its contracts with provider companies owned by me in 2013 (i.e., the Legacy Entities). The arbitrator found Superior retaliated against the Legacy Entities in violation of the Health and Human Services Commission[ ]("HHSC") non-retaliation rules by terminating Legacy's contracts in retaliation for Legacy filing [complaint(s)] against Superior. In addition, the arbitrator found that the evidentiary record revealed a personal animus towards me personally. The arbitrator noted that "*the true motivation for the termination was simply a broad retaliation against Ambrose Hernandez, the owner of all the Legacy Entities.*" Superior raised meritless claims of fraud, malfeasance[,] and alter-ego in the proceeding[;] such claims were raised against me in my individual capacity. The baseless claims were ultimately dismissed/denied by the arbitrator. The Arbitration Award is in the public record and is part of a proceeding in Hidalgo County, Texas

---

[9] LegacyTherapy Center, Inc. is referred to elsewhere in the record as Legacy Therapy Center, Inc.

7

before the Honorable [J. R. "Bobby"] Flores of the 139th Judicial District. On January 7, 2020, Legacy Home Health Agency, Inc. filed its Motion to Confirm and Enter Judgment on Arbitration Award. Judge Flores entered the Final Judgment awarding Legacy $3.46 million in actual damages and $1.9 million in attorney's fees.[10]

7.      In the Fall of 2020, Superior began taking adverse actions against Coastal and All Seasons, including stopping payment on home health care services provided by Coastal to Medicaid patients under a Superior plan. In February[] 2021, Superior brought a new arbitration proceeding against the following respondents: Ambrose Hernandez, A.C.L.S., Inc. (the company owning Coastal), Coastal and Christine Gomez (aka Christine Sanchez), the wife of Ambrose Hernandez's [stepson]. Superior based its allegations upon information it came to learn in the Fall of 2020[,] but it did not give any details of who shared the information or how it came to learn of said information.

8.      Upon information and belief, former employees of Legacy, All Seasons and/or Coastal divulged misinformation and/or proprietary/confidential information pertaining to A.C.L.S., [Inc.,] Legacy, All Seasons and/or Coastal to Superior and/or third parties which Superior and other third parties then utilized to cause harm to A.C.L.S., [Inc.,] Coastal, Christine Sanchez and me. Superior's adverse actions continue to present date and I believe that Superior will continue to cause additional harm. The purpose of the proposed 202 depositions in part is to investigate the nature and scope of communications between the former employees and Superior or any other third party who is working on behalf of or in concert with Superior. This information will help determine the proper parties for the ongoing damages being caused by Superior and those who are unlawfully helping Superior or any of its related companies.

On July 20, 2021, the trial court held a hearing on the Rule 202 petition. At the hearing, counsel for Hernandez recounted the factual background detailed in the petition, and further informed the court that the petitioners had also pursued other Rule 202

---

[10] An appeal from that judgment is currently pending in this Court in our cause number 13-20-00160-CV, *Superior Healthplan, Inc. and Bankers Reserve Life Ins. Co. of Wisconsin v. Legacy Home Health Agency, Inc., Legacy Therapy Center, Inc., Legacy Home Care Services, Inc., and Legacy Adult Day Care, Inc.*, arising from trial court cause number C-3627-13-C in the 139th District Court of Hidalgo County, Texas, with the Honorable J. R. "Bobby" Flores presiding.

depositions against former employees in Cameron and Hidalgo Counties, and the courts in each of those counties had already granted the Rule 202 depositions sought in those cases. Counsel stated that Legacy and All Seasons, but not Hernandez and Coastal, had previously filed suit against American Medical and others in Bexar County. Counsel for Hernandez argued that Sylvia was not a party to the Bexar County litigation. Counsel clarified that, even though Legacy and All Seasons were parties to the Bexar County litigation, and were "initially" named in the underlying Rule 202 petition, they were "not appearing here today asking for that relief," and "[i]t's only non[-]parties asking for [the Rule 202 deposition]."

The petitioners argued that they believed Sylvia had shared confidential information with third parties, including Superior, and that Superior had begun to take "adverse actions" against the petitioners based on that information. The petitioners offered and the trial court admitted several items into evidence, including Hernandez's declaration and the employment agreements, Hernandez's second declaration, and the orders entered in Cameron and Hidalgo counties granting the petitioners' other Rule 202 depositions.

In contrast, Sylvia's counsel asserted that Sylvia had already offered six hours of deposition testimony in the Bexar County litigation, and the petitioners had not shown that a Rule 202 deposition was necessary. Counsel stated that Sylvia was extremely ill, suffering from Stage 4 cancer, and the burden of another deposition would be extensive. Counsel further asserted that the petitioners had not shown why Sylvia's deposition could not have been taken by the petitioners in Bexar County or in the Superior arbitration.

Counsel thus argued that they had not shown that the benefit outweighed the burden or expense of the procedure. Counsel further requested the trial court to limit the scope of the deposition if it were inclined to grant the Rule 202 petition. Sylvia offered her plea to abate and exhibits into the record. After discussions, the trial court took judicial notice of those matters over objection.

At the conclusion of the hearing, the trial court verbally granted the petition for presuit deposition, and petitioners stated that they would submit a proposed order for signature. On July 27, 2021, the trial court signed an order granting the petition for presuit deposition. The order states in relevant part:

> [T]he Court heard the petition of [p]etitioners Ambrose Hernandez ("Hernandez") and Restorative Health Services, LLC [d/b/a] Coastal Home Health Care ("Coastal") . . . requesting authority to take the oral deposition of [Sylvia] to investigate a potential claim or suit. After consideration of the pleadings, evidence[,] and arguments of counsel, the Court finds that the likely benefit of allowing [p]etitioners to take the requested oral/video deposition[] to investigate a potential claim or suit outweighs the burden or expense of the procedure. The Court hereby GRANTS [p]etitioners the authority to depose [Sylvia].

The order thus allows petitioners, as defined therein, to depose Sylvia by Zoom "regarding the subject matter identified by and relevant to the Rule 202 pleading request made by [p]etitioners." The order contains no other findings, qualifiers, or restrictions.

This original proceeding ensued. Sylvia raises four issues through which she asserts that the trial court abused its discretion: (1) in granting a Rule 202 deposition when the petitioners failed to follow all the requirements of the Rule 202 procedure; (2) in overruling objections to a new declaration filed in support of the Rule 202 petition that was filed on the morning of the hearing and that changed the basis for the deposition;

10

(3) in granting the Rule 202 deposition "when a prior suit is already pending regarding the same issues in Bexar County and in arbitration in which the proposed discovery can be taken"; and (4) in failing to limit the proposed Rule 202 deposition in any way. Sylvia's "Summary of Argument" provides:

> The trial court has allowed the real parties in interest to conduct a presuit deposition of a former Legacy and current American Medical employee, when a suit is already being litigated in Bexar County arising out of the same alleged agreements that are being used to support their Rule 202 claims and in which her deposition *has already been taken to the tune of 373 pages with another one scheduled*. There is no basis for a trial court to order a Rule 202 deposition when it is unnecessary, and particularly when a current suit *clearly* already provides a vehicle to obtain the testimony. Legacy's last second change to the verification making new claims about why the Rule 202 deposition was proper did not provide the 15 [days'] notice under the Rule, nor did it give [Sylvia] time to respond. In any event, even if the new declaration was considered, it specifically showed that the Legacy parties have more than one avenue already available to obtain the testimony of [Sylvia] in both a pending case and a pending arbitration. Legacy should not be able to obtain what is, in essence, ex parte deposition testimony potentially relevant to two separate matters already on file by forum shopping in several jurisdiction[s] through multiple Rule 202 suits against parties and/or witnesses. The petition and supporting proof were deficient, and [the petitioners have] not met the high burden of showing why a Rule 202 deposition is proper here. The trial court simply abused its discretion in failing to "strictly limit and carefully supervise" the use of Rule 202, particular[ly] here where it impinges [on] the current jurisdiction of another court and an arbitration panel.

Sylvia's petition for writ of mandamus asserts generally that the trial court abused its discretion by granting a Rule 202 deposition. In support of this contention, Sylvia asserts: (1) the Rule 202 petition was "fatally defective" because the petitioners did not identify or serve the entities expected to have interests adverse to petitioners in "the anticipated suit" under Rule 202, including one of the defendants in the Bexar County suit, American Medical, or Superior, a party to the arbitration; (2) there are pending cases

11

in which the discovery could be sought, so the Rule 202 deposition is "legally unnecessary"; (3) the petitioners failed in their "burden of pleading and proof of showing the necessity of a Rule 202 deposition" and that the alleged benefit outweighed the burden; and (4) "[t]he trial court erred in refusing to place any subject matter limitations on the deposition."[11]

The Court requested that the real parties in interest file a response to the petition for writ of mandamus and received a response from Hernandez and Coastal, who assert, inter alia, that they "are the only real parties in interest." *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The real parties in interest argue that the trial court did not abuse its discretion in ordering the deposition, and state that they are not parties to the Bexar County litigation. They also contend that the identification and notice requirements for adverse parties under Rule 202 are applicable only to depositions sought in anticipation of litigation and do not apply to depositions sought to investigate a potential claim or suit, as in the instant case. They further assert that (1) the trial court properly admitted all exhibits into evidence; (2) they met their burden to show that the benefit of the deposition outweighed its burden or expense; and (3) the trial court properly limited the deposition to relevant issues.

---

[11] Under Texas Rule of Appellate Procedure 52, a petition for writ of mandamus "must state concisely all issues or points presented for relief," and "[t]he statement of an issue or point will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 52.3(f). Further, "[t]he petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *Id.* R. 52.3(h). Although Sylvia's petition for writ of mandamus is not structured so that her argument is aligned with her issues, the petition meets the relevant requirements. We construe briefs liberally and reasonably so that we can "endeavor to resolve cases on the merits." *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam). In so doing, we examine the wording of the issues presented as well as the arguments, evidence, and citations provided. *See id.* at 733.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

"An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam) (citing *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding)); *see In re City of Tatum*, 567 S.W.3d 800, 804 (Tex. App.—Tyler 2018, orig. proceeding); *In re PrairieSmarts LLC*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding); *In re Reassure Am. Life Ins.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi–Edinburg 2013, orig. proceeding). Depositions, once taken, cannot be "untaken," *see In re Jorden*, 249 S.W.3d at 419, and

13

mandamus has historically issued for discovery that is "well outside the proper bounds." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam); *see Rodriguez v. Cantu*, 581 S.W.3d 859, 866 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (combined app. & orig. proceeding).

### III. PRESUIT DEPOSITIONS

Texas Rule of Civil Procedure 202 permits a person to "petition the court for an order authorizing the taking of a deposition" before suit is filed in two circumstances: (1) "to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit"; or (2) "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(a), (b). Rule 202.2 governs the requirements for a Rule 202 petition, which must:

    (a)    be verified;

    (b)    be filed in a proper court of any county:

        (1)    where venue of the anticipated suit may lie, if suit is anticipated; or

        (2)    where the witness resides, if no suit is yet anticipated;

    (c)    be in the name of the petitioner;

    (d)    state either:

        (1)    that the petitioner anticipates the institution of a suit in which the petitioner may be a party; or

        (2)    that the petitioner seeks to investigate a potential claim by or against petitioner;

    (e)    state the subject matter of the anticipated action, if any, and the petitioner's interest therein;

    (f)    if suit is anticipated, either:

(1)     state the names of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit, and the addresses and telephone numbers for such persons; or

(2)     state that the names, addresses, and telephone numbers of persons petitioner expects to have interests adverse to petitioner's in the anticipated suit cannot be ascertained through diligent inquiry, and describe those persons;

(g)     state the names, addresses and telephone numbers of the persons to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each; and

(h)     request an order authorizing the petitioner to take the depositions of the persons named in the petition.

*Id.* R. 202.2(a)–(h); *see In re East*, 476 S.W.3d 61, 65–66 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding). Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See* TEX. R. CIV. P. 202.2(e); *In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (orig. proceeding) (per curiam).

Rule 202.3 governs notice and service of the petition and hearing. *See* TEX. R. CIV. P. 202.3. Rule 202.3(a) requires the petitioner to serve, at least fifteen days before the date of the hearing on the petition, the petition, and a notice of hearing on "all persons petitioner seeks to depose and, if suit is anticipated, on all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit." TEX. R. CIV. P. 202.3(a); *see In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding) (per curiam). "As justice or necessity may require, the court may shorten or lengthen the notice periods under this rule and may extend the notice period to permit service on any expected adverse party." TEX. R. CIV. P. 202.3(d).

15

The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit"; or (2) "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a); *see In re Jorden*, 249 S.W.3d at 423. These required findings are mandatory and may not be implied from the record. *See In re Does*, 337 S.W.3d at 865; *Rodriguez*, 581 S.W.3d at 867; *In re City of Tatum*, 567 S.W.3d at 807. A trial court has no discretion to order presuit discovery without the required findings and abuses its discretion by doing so. *See In re City of Tatum*, 567 S.W.3d at 804–05; *In re Cauley*, 437 S.W.3d 650, 655 (Tex. App.—Tyler 2014, orig. proceeding). "The order must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure." TEX. R. CIV. P. 202.4(b).

"Rule 202 depositions are not now and never have been intended for routine use." *In re Jorden*, 249 S.W.3d at 423; *see In re DePinho*, 505 S.W.3d at 623 n.2. Demanding discovery from someone before informing them about the issues under consideration presents practical and due process problems. *See In re Jorden*, 249 S.W.3d at 423; *In re City of Tatum*, 567 S.W.3d at 804; *In re Elliott*, 504 S.W.3d 455, 460 (Tex. App.—Austin 2016, orig. proceeding). "The intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *In re Does*, 337 S.W.3d at 865. Therefore, "[c]ourts must strictly limit and carefully supervise pre[]suit discovery to prevent abuse" of Rule 202. *In re Wolfe*, 341 S.W.3d at 933; *see In re Reassure Am. Life Ins.*, 421 S.W.3d at 172. Further, Rule 202 may not be used as a method to acquire otherwise unobtainable

16

discovery. *See In re Doe*, 444 S.W.3d 603, 609 (Tex. 2014) (orig. proceeding); *In re Wolfe*, 341 S.W.3d at 933. Rule 202 expressly limits the scope of discovery in presuit depositions to "the same as if the anticipated suit or potential claim had been filed." TEX. R. CIV. P. 202.5; *see In re DePinho*, 505 S.W.3d at 625.

## IV. ANALYSIS

We take Sylvia's issues out of order, and we begin our analysis with Sylvia's third issue in which she asserts that the trial court erred in granting the Rule 202 deposition "when a prior suit is already pending between the parties regarding the same issues in Bexar County." In a related argument, Sylvia contends that real parties have failed to meet their burden to obtain a Rule 202 deposition because they have not shown that a deposition is necessary or that the benefit outweighs the burden of the procedure. The real parties contend otherwise.

The petitioners sought Sylvia's deposition "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b). As stated previously, the trial court is authorized to allow a presuit deposition for this reason "if, but only if, [the court] finds that . . . the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *Id.* R. 202.4(a)(2). The petitioners alleged that they wanted to take Sylvia's presuit deposition on grounds that "[Sylvia] violated and continues to violate [her] respective contractual obligations" under the noncompete and nondisclosure agreements, and Sylvia "may have shared information with third parties which ultimately led to adverse action to be taken by such third parties against [All Seasons and Coastal]." The petitioners thus sought to depose Sylvia "to

17

discover such information so as to determine the extent of economic damages caused by these actions." The petitioners wanted to depose Sylvia in order to: (1) "gain a better understanding of the damage caused [by Sylvia]," (2) "determine [petitioners'] legal rights with respect to the above-described communications," (3) determine "whether and to what extent [Sylvia] violated [her] legal duties to [petitioners]," and (4) "investigate the nature and scope of communications between [Sylvia] and Superior or any other third party who is working on behalf of or in concert with Superior" to "determine the proper parties for the ongoing damages being caused by Superior and those who are unlawfully helping Superior or any of its related companies."

The petitioners alleged that the benefit of allowing them to take Sylvia's deposition to investigate a potential claim outweighed the burden or expense of the procedure because, although they could "conceivably" file a lawsuit based on what they knew, they believed "a superior method" would be to take Sylvia's deposition first to investigate their claims and "narrow down and/or identify the existence of any alternative/additional claims and/or defendants" besides Sylvia. They further alleged that a Rule 202 deposition would serve to notify Sylvia "as well as all of the associated persons/entities on whose behalf [she] act(s)," that the petitioners were investigating their claims so that Sylvia and others would "know to retain relevant documents that may have otherwise been purposefully or accidentally destroyed," and the petitioners "could seek the orderly return of such data and/or documents."

Based on the foregoing, we conclude that the real parties have failed to meet their burden to show that the likely benefit of allowing them to take Sylvia's deposition to

18

investigate their potential claims outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(a)(2). As a threshold matter, the subject matter of the proposed deposition and the identity of the deponent is problematic in the Rule 202 context. The real parties seek to depose Sylvia, a former employee, regarding trade secrets and confidential information. As stated by our sister court:

> Requiring an individual to sit for a deposition and disclose information to a former employer, under oath, as to why he or she left their employ to work for a competitor as well as exactly what the individual is doing for the competitor, particularly when no lawsuit has been filed, is a substantial burden. It is intrusive, expensive, and time-consuming. Add to that the complications involved in responding to questions designed to ferret out trade secret information of the individual's current employer, together with how such information might or might not have been affected by knowledge gained while with a previous employer, and the burden of such a deposition becomes even more onerous.

*In re Hewlett Packard*, 212 S.W.3d 356, 362 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]). In conditionally granting mandamus relief in that case, the Austin Court of Appeals expressed concern that litigants might "use [R]ule 202 to gain access to the trade secrets of competitors under the pretext of investigating suspected, but unknown, claims," or for "anti-competitive purposes," and therefore concluded in that case that the petitioners had not met the "substantial burden" to obtain a Rule 202 deposition. *Id.* at 362.

Here, the evidence and argument presented by real parties indicates that the requested presuit discovery is unnecessary because the real parties already have more than enough information to institute litigation without resorting to Rule 202. In this regard, presuit discovery "is not an end within itself" but rather "is in aid of a suit which is anticipated" and "ancillary to the anticipated suit." *In re Wolfe*, 341 S.W.3d at 933 (quoting

19

*Off. Emp. Int'l Union Loc. 277, AFL-CIO v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965)); *see DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 857 (Tex. App.—Fort Worth 2018, no pet.); *see also In re Hanover Ins.*, No. 01-13-01066-CV, 2014 WL 7474203, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, orig. proceeding) (mem. op.). In short, the real parties did not meet their burden to show why Sylvia's deposition must occur in a Rule 202 proceeding prior to suit. *See DeAngelis*, 556 S.W.3d at 857–58.

Further, the real parties have not explained why this discovery could not be obtained in either the pending arbitration proceeding or the Bexar County lawsuit. Both Hernandez and Coastal are parties to the arbitration proceeding with Superior. Legacy and All Seasons are parties to the Bexar County litigation. Hernandez, Coastal, Legacy, and All Seasons filed and presented the petition for Rule 202 deposition. *See* TEX. R. CIV. P. 202.2(c) (stating that a petition for presuit deposition must "be in the name of the petitioner"). Sylvia signed nondisclosure and noncompete agreements with Legacy. Nevertheless, the order at issue in this original proceeding grants the Rule 202 deposition in favor of Hernandez and Coastal but omits any mention of Legacy and All Seasons. The record is silent regarding any rationale for that discrepancy; however, we note that the order was prepared and submitted by the petitioners. *See In re Does*, 337 S.W.3d at 865 (stating that the allegations in a petition for presuit deposition were "sketchy" and "mostly concern[ed] possible causes of action" by nonparties).

We conclude that the trial court abused its discretion in allowing the presuit deposition. *See* TEX. R. CIV. P. 202.4(a)(2). Further, Sylvia lacks an adequate remedy by

20

appeal. *See In re Wolfe*, 341 S.W.3d at 933; *In re Jorden*, 249 S.W.3d at 420. We sustain Sylvia's third issue, and having done so, need not address her remaining issues. *See* TEX. R. APP. P. 47.1.

## V.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Sylvia has met her burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus and direct the trial court to withdraw its order of July 27, 2021, allowing the presuit deposition. We are confident the trial court will comply, and our writ will issue only if it does not.

CLARISSA SILVA
Justice

Delivered and filed on the
3rd day of March, 2022.